AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Northern District of New York

FILED

U.S. DISTRICT COURT - N.D. OF N.Y.

OCT 01 2025

AT _____ O'CLOCK

John M. Domurad, Clerk - Albany

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | |
| RUBEN DARIO LOJA CASTRO, | ) | Case No.   1:25-MJ-312(PJE) |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date(s) of October 1, 2025 in the county of Schenectady in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a)(1) and (b) | Forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal agent performing official duties and inflicting bodily injury |

This criminal complaint is based on these facts:
See attached affidavit

☒    Continued on the attached sheet.

_____
Complainant's signature

HSI Special Agent Sean Thalheimer
_____
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:    October 1, 2025
_____

_____
Judge's signature

City and State:    Albany, NY
_____

Hon. Paul J. Evangelista, U.S. Magistrate Judge
_____
Printed name and title

## AFFIDAVIT OF SPECIAL AGENT SEAN THALHEIMER, HSI:

I, Sean Thalheimer, do hereby depose and state as follows:

1.      I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI"), and have been since 2020. In this role, I have participated in numerous immigration enforcement and removal operations. I have also conducted investigations, interviewed witnesses, gathered evidence, and presented testimony on incidents of simple and aggravated assault.

2.      I am an investigative or law enforcement officer of the United States within the meaning of Title 18 United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). As a Special Agent with HSI, I am authorized to seek and execute federal arrest and search warrants for Title 18 criminal offenses.

3.      I make this affidavit in support of a criminal complaint charging Ruben Dario Loja Castro with assaulting, resisting, and impeding a federal agent engaged in official duties and inflicting bodily injury, in violation of Title 18, United States Code, Section 111(a)(1) and (b).

4.      The statements contained in this affidavit are based upon my investigation and the investigation of other law enforcement officials, and on my experience and training as a Special Agent with HSI. More specifically, the facts set forth below come from my interviews of witnesses, including the individual identified below as Special Agent J.K. and other special agents who were present, and my review of body-worn camera footage worn by law enforcement officers with the Federal Bureau of Investigation ("FBI") and HSI during the immigration enforcement operation discussed below. Because this affidavit is submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. I

1

have set forth only the facts that I believe are necessary to establish probable cause to believe that

Loja Castro has violated Title 18, United States Code, Section 111(a)(1) and (b).

## PROBABLE CAUSE

5.      On October 1, 2025, law enforcement officers with Immigration and Customs

Enforcement ("ICE") Enforcement and Removal Operations ("ERO"), HSI, and FBI conducted an

immigration enforcement operation as to Individual 1, a native and citizen of Ecuador without

lawful authority to be in the United States. One of the officers involved in the operation was HSI

Special Agent J.K.

6.      ERO recently received information that a citizen of Ecuador, who was not lawfully

present in the United States, had been charged in the City of Albany with Rape in the Third Degree,

in violation of N.Y. P.L. § 130.25(2) (rape of minor less than 17 years old).  ICE officers learned

from information provided in related police reports that Individual 1 stayed at a home located in

Albany, New York.  On October 1, 2025, ICE-ERO commenced an enforcement operation at

approximately 6:00 a.m. at this residence to arrest Individual 1 and place him into removal

proceedings for violating Section 212 of the Immigration and Nationality Act (being an

inadmissible alien present in the United States).  At approximately 6:15 a.m., an ICE-ERO officer

observed a blue Mazda bearing Pennsylvania license plate number LCE3624 arrive and park

outside of the residence.  At approximately 6:25 a.m., the same officer observed two individuals

leave the home and enter the Mazda. One of the individuals matched the description of Individual

1.

7.      The Mazda drove away. Officers followed it and the Mazda eventually reached the

New York State Thruway and traveled westbound on I-90. Law enforcement officers followed the

Mazda on I-90 westbound.  On I-90 westbound, in Schenectady County, officers initiated a traffic

stop of the Mazda. The Mazda stopped. One law enforcement vehicle parked in front of it and another parked behind it.

8.    Officers approached the vehicle and observed three individuals in the vehicle: a driver, a front-seat passenger, and a rear-seat passenger in the back right seat of the sedan. The rear-seat passenger was wearing a black hooded sweatshirt, with the hood covering his face, in an apparent effort to conceal his face from the agents.

9.    The driver opened his window approximately one inch and one of the ICE-ERO officers spoke to the driver through his window. The officer identified himself as an ICE-ERO officer and the driver provided the officer with his Pennsylvania driver's license, which was in the name of Ruben Dario LOJA CASTRO. During the stop, ICE-ERO officers ran the license and confirmed that the driver was LOJA CASTRO, who was naturalized as a U.S. citizen in November 2024. ICE-ERO officers shined a flashlight into the rear passenger compartment to try and get a better visual on the face of the subject in the backseat. Based on their observations, it appeared the subject in the backseat was Individual 1.

10.    ICE-ERO officers directed LOJA CASTRO to roll down his windows, unlock his doors, and turn off his engine. LOJA CASTRO was uncooperative and refused to comply with these directions. ICE-ERO officers continued asking LOJA CASTRO to comply with their requests and to identify the passengers in his vehicle for several minutes, but he continued to refuse to comply. At some point, LOJA CASTRO stated that the passenger in the rear was his cousin.

11.    Ultimately, ICE-ERO officers advised LOJA CASTRO that if he did not comply with their requests to further investigate the identity of the passengers, they would need to break the windows on his car. LOJA CASTRO still did not comply, so an ICE-ERO officer broke the rear right passenger window of the Mazda, where the individual matching Individual 1's

photograph was sitting.  FBI Special Agent C.W. tried to pull the individual—who was later confirmed to be Individual 1—out of the Mazda.  At this point, LOJA CASTRO drove the Mazda backwards and forwards, causing it to collide with the law enforcement vehicles parked behind it and in front of it. LOJA CASTRO then turned the Mazda to the right, which was the direction of two officers, including HSI Special Agent J.K. LOJA CASTRO rapidly accelerated the Mazda in this direction, causing Special Agent J.K. to jump out of the way and fall into the grass, which in turn caused Special Agent J.K. to injure his right hand and ankle. LOJA CASTRO then fled the scene at a high rate of speed on I-90 westbound.

12.    After the incident, Special Agent J.K. received medical treatment at a local hospital. He was diagnosed with a sprained right wrist and sprained right ankle, which resulted from the incident.

## CONCLUSION

13.      Based upon the above information, I submit that there is probable cause to believe that Loja Castro violated Title 18, United States Code, Section 111(a) and (b), which prohibits any person from forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal agent engaged in performance of official duties and inflicting bodily injury.  I request that a criminal complaint be issued.

Sean Thalheimer
HSI Special Agent

I, the Honorable Paul J. Evangelista, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by reliable electronic means on October 1, 2025 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Paul J. Evangelista
U.S. Magistrate Judge